# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ALTA THERAPIES, INC.,

    Plaintiff,

vs.                                      No. CIV 1:98-1167 JC/LCS

BRAD MERHEGE, et al.,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER came before the Court on Plaintiff Alta Therapies L.C.'s Petition for Temporary Restraining Order and Preliminary and Permanent Injunction, filed on September 24, 1998. The Court, having considered the pleadings, the briefs and arguments of counsel, and having conducted an evidentiary hearing, proposes finding that the petition is not well-taken and recommends that it be denied.

### Proposed Findings

Alta Therapies provides therapists and equipment to facilities for the elderly. In April, 1998, it contracted to provide services to Defendant University Terrace for one year. The contract was terminable at will by either party, subject to providing 30 days written notice. On August 17, 1998, University Terrace's administrator, Kayln Johnson, learned that Alta Therapies Regional Director, Brad Merhege, and Therapy Director, Greg Noel, were resigning effective August 31, 1998. Johnson sent written notice that day that University Terrace was terminating

the contract effective September 16, 1998. On September 1, 1998, Johnson entered into negotiations with Bear Creek Rehabilitation Services, a new company formed by Merhege and Noel. On September 9, 1998, those parties contracted for the same services as had been provided by Alta Therapies, to begin on September 16, 1998, the day the Alta Therapies contract ended.

On September 24, 1998, Alta Therapies filed suit against University Terrace, Bear Creek, Merhege and Noel, claiming that Merhege and Noel breached their duty of loyalty to Alta Therapies, and that University Terrace breached its contract with Alta Therapies, when the defendants entered into their new agreement. It sought a preliminary injunction prohibiting Bear Creek from supplying therapy services to University Terrace.

This is a diversity case, brought pursuant to 28 U.S.C. Sec. 1332. In diversity cases, the federal courts apply the substantive law of the state in which they sit. *Brady v. Hopper,* 751 F.2d 329, 332 (10th Cir. 1984). In order to obtain a preliminary injunction, Alta Therapies must show that:

    1. it will suffer irreparable injury unless the injunction is granted;

    2. the threatened injury outweighs any damage the injunction might cause the defendant;

    3. the issuance of the injunction will not be adverse to the public interest;

    4. there is a substantial likelihood that plaintiff will prevail on the merits.

*Key v Chrysler Motors Corp.,* 119 N.M. 267, 274, 889 P.2d 875, 882 ( Ct. App. N.M. 1995).

Based upon the pleadings and the evidence adduced at the October 16, 1998 hearing, Alta Therapies, at this time, has not shown why the harm it suffered could not be alleviated through money damages. It has also failed to show that the harm it would suffer if the injunction were not granted outweighs the harm the Defendants would suffer if the injunction were granted. Because

I propose finding that Alta Therapies has not met the first two requirements for obtaining a preliminary injunction, I do not find it necessary to propose findings on the other two elements.

**Recommended Disposition**

Since Alta Therapies has not established all four of the elements necessary to obtain a preliminary injunction at this time, I recommend that its Petition be denied. Within ten days after a party receives a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. Sec. 636(b)(1), file written objections to them. A party must file any objections within the time period allowed if it desires review by the district court; in the absence of timely-filed objections, no review will be conducted.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE